UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MIGUEL R.C.,                                    Case No. 26-CV-1964 (PJS/DTS)

        Petitioner,

v.                                              ORDER

PAMELA BONDI, Attorney General;
MARKWAYNE MULLIN, U.S. Department
of Homeland Security; TODD M. LYONS,
Acting Director of Immigration and Customs
Enforcement; DAVID EASTERWOOD,
Acting Director, St. Paul Field Office
Immigration and Customs Enforcement; and
ERIC TOLLEFSON, Sheriff of Kandiyohi
County,

        Respondents.

---

Dana R. Ohman and Kendal K. O'Keefe, CHESTNUT CAMBRONNE PA,
for petitioner.

Trevor C. Brown, UNITED STATES ATTORNEY'S OFFICE, for all
respondents except Eric Tollefson.

This matter is before the Court on petitioner Miguel R.C.'s petition for a writ of

habeas corpus.[1]  Miguel, a citizen of Guatemala and a resident of Fargo, North Dakota,

entered the United States without inspection in or about July 2021.  V. Pet. ¶¶ 7, 13.

Miguel has a pending asylum application and no final order of removal.  *Id.* ¶ 14.  On

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies
petitioner only by first name and last initials.

February 13, 2026, Immigration and Customs Enforcement ("ICE") agents pulled over Miguel's vehicle and arrested him. *Id.* ¶ 16. He was later transported to the Kandiyohi County Jail in Willmar, Minnesota. *Id.* ¶¶ 7, 17.

Respondents take the position that Miguel is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Respondents concede that this case is not meaningfully distinguishable from cases like *Santos M.C.* and instead argue that those cases are wrongly decided. Respondents' argument has some force. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494,

498 (5th Cir. 2026) (adopting the government's reading of § 1225(b)(2)).  But the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens who entered without inspection and are already present and living in the United States.[2] *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (explaining that, in the context of § 1225, an "applicant for admission" is not synonymous with a person "seeking admission").

As to remedy:  In his verified petition, Miguel seeks immediate release, alleging that he was arrested without a warrant and that "at no point did Respondent ICE agents show or provide [Miguel] a warrant of any kind."  V. Pet. ¶ 16.  Respondents offer the declaration of Travis Kautz, a deportation officer, who avers that, after officers determined that Miguel had no legal status in the United States, they arrested him without a warrant because they did not believe that Miguel would remain at the site while the officers traveled 170 miles round trip to obtain a warrant.  Kautz Decl. ¶ 6. Kautz further states that, after arresting Miguel, the officers transported Miguel to the ICE office in Grand Forks, North Dakota, and served him with an arrest warrant that same day.  *Id.* ¶¶ 6–7.  The warrant is attached as an exhibit to the Kautz declaration.  *Id.* Ex. B.

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.

In his reply, Miguel does not deny that he was served with the warrant, nor does he take issue with the validity of the warrant offered as an exhibit to the Kautz declaration.  Instead, he argues that a warrant issued after arrest cannot retroactively justify detention under § 1226(a).  The Court agrees with Judge Provinzino, however, that, under certain circumstances, detention under § 1226(a) may be authorized even if the warrant was issued after arrest.  *See Fernando C. C. v. Bondi*, No. 26-CV-1235 (LMP/SGE), ECF No. 11 (D. Minn. Feb. 17, 2026).

In particular, an immigration officer may effect the warrantless arrest of "any alien in the United States" if the officer "has reason to believe that the alien so arrested is in the United States in violation of [any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens]" and that the alien "is likely to escape before a warrant can be obtained for his arrest."  8 U.S.C. § 1357(a)(2); *see also United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010) ("[T]he term 'reason to believe' in § 1357(a)(2) means constitutionally required probable cause.").  The officer then has 48 hours following arrest to determine "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued."  8 C.F.R. § 287.3(d); *see also Fernando C. C.*, No. 26-1235 (LMP/SGE), ECF No. 11 at 4 (noting that 8 C.F.R. part 236 contains implementing regulations for § 1226).

As noted, Miguel does not deny that he was presented with a warrant within 48 hours of his arrest nor does he take issue with the validity of the warrant. Likewise, Miguel does not contend that officers lacked probable cause to believe that he was likely to escape before a warrant could be obtained. Accordingly, as this statutory and regulatory regime authorizes a post-arrest warrant under the circumstances here, the Court will not order Miguel's immediate release, but will instead order that respondents provide Miguel with a bond hearing pursuant to § 1226(a), failing which he must be released.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  Petitioner's petition for a writ of habeas corpus [ECF No. 1] is GRANTED IN PART.

2.  The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and ENJOINS respondents from denying release or other relief on the basis that petitioner is subject to mandatory detention under § 1225(b)(2).

3.  No later than March 31, 2026, at 5:00 pm, respondents must provide petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). At this hearing,

petitioner must not be denied release or other relief on the basis that petitioner is subject to mandatory detention under § 1225(b)(2).

4.  If respondents do not provide petitioner a bond hearing in compliance with ¶ 3 of this order, respondents must, no later than 5:00 pm on April 1, 2026, transfer petitioner to Fargo, North Dakota, and unconditionally release him.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 25, 2026          /s/ Patrick J. Schiltz

Patrick J. Schiltz, Chief Judge
United States District Court